## AMBROSE HOLLIS *vs.* CASWELL POOL.

Where a lease for a certain term is made by parol, and the lessee agrees to quit at any time within the term, if the demised premises shall be sold, he becomes a tenant at sufferance if he holds over after they are sold, and is liable, without notice to quit, to the process provided by the Rev. Sts. *c.* 104, § 4.

THIS was an action, originally commenced before a justice of the peace on the 30th of November 1840, on the Rev. Sts. c 104, § 4, to recover possession of premises alleged to be held by the defendant without right, after the determination of his lease.

The case was submitted to the court on the following facts : On the 1st of April 1840, the defendant, by a parol lease, hired of Newton White, for one year, the tenement described in the plaintiff's complaint, and of which said White was then the proprietor. The defendant agreed to pay the rent quarter yearly, and to quit and remove at any time within the year, if said tenement should be sold. On the 20th of November following, said White sold and conveyed the said tenement to the plaintiff; and the plaintiff, on the 23d of said November, gave the defendant notice of the sale, and then requested him to remove on the 25th of the same November. On the 28th of said November, said White gave the defendant notice of said sale and of his conveyance of said tenement, and requested him to remove on the 2d of December following, which he then refused to do.

*A. Prescott*, for the plaintiff.

*Kingsbury*, for the defendant.

SHAW, C. J. This case is decided by that of *Kinsley* v. *Ames*, 2 Met. 29. By the Rev. Sts. *c.* 104, § 2, this process lies, not only where there has been a forcible entry, or a forcile detainer after a peaceable entry, but also where a lessee shall hold possession without right, after the determination of his lease.

The defendant held under a parol lease from Newton White, with an agreement to quit, if the estate should be sold. The defendant holding under a parol agreement, whatever were its

terms, could hold no greater or higher estate than that of a tenancy at will. Rev. Sts. c. 59, § 29. When the lessor aliened the estate, it determined the tenancy at will. "A tenant at will has no certain and indefeasible estate ; nothing that can be assigned to another." " If the landlord enters on the land, and cuts down trees demised, or makes a feoffment, or lease for years, to commence immediately, the estate at will is thereby determined." 1 Cruise's Digest, Tit. 9, c. 1, §§ 10, 18. Here it is agreed that the lessor sold the estate, and that the defendant had notice thereof from both the grantor and grantee. The defendant thereupon became tenant at sufferance ; and as such became liable to this process, without notice to quit. *Kinsley* v. *Ames*, 2 Met. 29.

We are inclined to think that on the facts of the present case, the law would come to the same result, on a ground somewhat different. In this case it was agreed by parol, that the tenancy should cease, when the estate should be sold. The statute does not make parol leases void, to all purposes. They can create no higher or greater estate than that of an estate at will It may, therefore, in all cases, be determined by a notice in writing of three months. And when the rent is payable at shorter periods, a notice equal to the interval between the days of payment is sufficient. Rev. Sts. c. 60, § 26. A parol lease therefore may fix the rate of rent and the time of payment ; and we see not why it may not fix a time, depending on a certain or contingent event, at which the tenancy at will shall cease. But where a tenant takes an estate, under a parol lease, for a term certain, and actually holds during that term, although by force and effect of the statute he has been a tenant at will only, yet he is not entitled to any notice to quit. If he holds over, he is tenant at sufferance, and the landlord may enter and expel him without force, or have this process to regain possession. If the term is made to depend upon a contingent event — for instance, the sale of the estate — on the happening of the contingency the time 's at an end by its own limitation.

*Judgment for the plaintiff for possession.*